DECISION OF DISMISSAL
This matter is before the court on Defendant's various motions to dismiss, make more definite and certain, and to strike Plaintiff's Amended Complaint. The court heard argument on the motions August 8, 2008. Plaintiff was represented by Craig Heiller, the Director of Bruin Nature Conservancy. Defendant was represented by Leah Harper, Assistant County Counsel, Josephine County.
 I. STATEMENT OF FACTS
On May 12, 2008, Plaintiff filed an Amended Complaint requesting relief for tax years 1997-98 through 2007-08. Plaintiff did not attach a copy of the order, letter, notice, or any other document being appealed. In the Amended Complaint, Plaintiff asserts "[t]he assessor refuses to accept our 501-C-3 exemption application on the basis of his own error." The requested relief is "mediation to make determination of exempt status." The appeal involves property identified by Accounts R3310852 (28.3 acres) and R331085 (5 acres).
Plaintiff petitioned the county board of property tax appeals (board) in 2007. The board sustained the values of the larger account, R3310852, at a real market value (RMV) of $344,180 and an assessed value (AV) of $1620; the board reduced the RMV of the smaller account, R331085, from a RMV of $149,340 to $125,730, but sustained the AV at $28,550. The board's *Page 2 
order concerns the 2007-08 tax year. Plaintiff is not seeking value reductions, but, rather, a property tax exemption.
Among Defendant's requests is that the court dismiss Plaintiff's Amended Complaint for lack of jurisdiction, failure to meet the statute of limitations, and claim preclusion.
 II. ANALYSIS
Plaintiff is seeking an exemption for tax years 1997-98 through 2007-08, apparently under ORS 307.130[1] as a charitable institution. Defendant argues that ORS 305.275(1) requires the appealing party to be aggrieved by an act, omission, order or determination of the county assessor or other county official, and that Plaintiff has failed to show any act, omission, order, or determination of the assessor by which he is aggrieved, and from which he is appealing. The court agrees.
ORS 305.275 provides in relevant part:
 "(1) Any person may appeal under this subsection to the magistrate division of the Oregon Tax Court as provided in ORS 305.280 and 305.560, if all the following criteria are met:
 "(a) The person must be aggrieved by and affected by an act, omission, order or determination of:
 "* * * * *
 "(C) A county assessor or other county official, including but not limited to the denial of a claim for exemption, the denial of special assessment under a special assessment statute, or the denial of a claim for cancellation of assessment; or
 "(D) A tax collector."
There is no indication that Plaintiff filed an exemption application in 2007, or that any such request was denied by the assessor. Accordingly, Plaintiff is not aggrieved for tax year 2007-08. The same is true for the earlier years under appeal (tax years 1997-98 through *Page 3 
2006-07). The court, therefore, has no jurisdiction to hear the matter, and Plaintiff's Amended Complaint must be dismissed.
An additional basis for dismissal of most of the earlier tax years at issue is a failure to meet the statute of limitations. Assuming there was an application and a denial, a fact not even alleged by Plaintiff, the appeal has not been commenced within the time set by the statute. ORS 305.280(1) requires that an appeal under ORS 305.275 "shall be filed within 90 days after the act, omission, order or determination becomes actually known to the person, but in no event later than one year after the act or omission has occurred, or the order or determination has been made." Under that statute, an appeal must be filed no later than one year from the date the act occurs. Measured against that yardstick, tax years 1997-98 through 2005-06 cannot be timely because, even under the late filing provisions of ORS 307.162(2), the latest Plaintiff could have applied for exemption for the 2005-06 tax year was December 31, 2005. A denial would surely have been issued within a few months of the date such an application was filed (and certainly within 12 months), which then would have required an appeal before the end of calendar year 2007. Plaintiff's initial appeal was filed January 15, 2008.
Finally, Plaintiff previously filed an appeal with this court seeking exemption for the 1997-98 tax year, and the appeal was denied because Plaintiff did not timely file the exemption application. See BruinNature Conservancy v. Josephine County Assessor, TC-MD No 982226E (Dec 30, 1998). That issue cannot be raised again.
Plaintiff testified at the August 8, 2008, hearing, that the "act" he was appealing was the assessor's erroneous statement that he should wait until October to file for exemption, when, in fact, the deadline was April 1, 2008 (for the 2008-09 tax year). Plaintiff went into the assessor's office with an exemption application, but the assessor would not accept the application. The *Page 4 
assessor acknowledges that Plaintiff brought an application into his office, but the application was not accepted because Plaintiff did not have the other materials that are required to be submitted with the application to comply with the applicable administrative rule (i.e., the organization's 501(c)(3) papers, bylaws and articles of incorporation). See OAR 150-307.130-(A) (providing that the corporation must be organized as a nonprofit corporation, and that the organization's articles of incorporation or bylaws must require that its assets be used for charitable purposes when the organization dissolves). Importantly, whatever happened in connection with any such attempted filing is irrelevant for purposes of this appeal because Plaintiff has not appealed the 2008-09 tax year.
 III. CONCLUSION
For the reasons set forth above, the court concludes that Plaintiff's appeal should be dismissed for lack of jurisdiction, for failure to meet the statute of limitations, and for claim preclusion. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's Amended Complaint is dismissed.
Dated this ____ day of October 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on October 28,2008. The Court filed and entered this document on October 28,2008.
[1] All references to the Oregon Revised Statues (ORS) and Oregon Administrate Rules (OAR) are to 2007. *Page 1